Gerrit M. Pronske
State Bar No. 16351640
Zachary R.G. Fairlie
*Admitted Pro Hac Vice*
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: gpronske@spencerfane.com
Email: zfairlie@spencerfane.com

*Counsel for Defendants*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **EFO HOLDINGS, LP,** | § | **CASE NO. 12-37936-SWE-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **SCOTT M. SEIDEL, THE CHAPTER 7 TRUSTEE, JOE SAMUEL BAILEY, LASERSCOPIC SPINAL CENTERS OF AMERICA, INC., LASERSCOPIC SPINE CENTERS OF AMERICA, INC., AND LASERSCOPIC MEDICAL CLINIC, LLC,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **Adversary Case No. 21-03043** |
| | § | |
| **WILLIAM ESPING, PETER WILSON, ROBERT GRAMMEN, JULIE KRUPALA, J. HOFFMAN & CO., EFO GP INTERESTS, INC., EFO LASER SPINE INSTITUTE, LTD., AND THE "EFO HOLDINGS"/THE EFO PARTNERSHIP, EFO FINANCIAL GROUP, LLC, GREEN SERIES, LLC, JBJ LENDING COMPANY, EMINENCE INTERESTS, L.P., EMINENCE GENPAR, INC.,** *et al.* | § | |
| | § | |
| Defendants. | § | |

**RESPONSE OF DEFENDANTS TO PLAINTIFFS' EXPEDITED MOTION AND REQUEST FOR
STATUS CONFERENCE REGARDING DEFENDANTS JOHN HOFFMAN AND J. HOFFMAN & CO.**    Page 1 of 6

**RESPONSE OF DEFENDANTS TO PLAINTIFFS' EXPEDITED
MOTION AND REQUEST FOR STATUS CONFERENCE REGARDING
DEFENDANTS JOHN HOFFMAN AND J. HOFFMAN & CO.**

**TO THE HONORABLE SCOTT W. EVERETT,
UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES Defendants in the above-referenced matter (the "**Defendants**") and submit this Response to Plaintiffs' Expedited Motion and Request for Status Conference Regarding Defendants John Hoffman and J. Hoffman & Co. (the "**Response**"). In support thereof would respectfully show the Court as follows:

This response to Plaintiffs' Expedited Motion and Request for Status Conference Regarding Defendants John Hoffman and J. Hoffman and Co. (the "**Motion for Status Conference**"), will attempt to stay focused on the facts pertinent to 1) preservation and protection of documents and 2) substitution of a Probate Temporary Administrator as a Party Defendant for John Hoffman (the "**Decedent**") and J. Hoffman & Co. (the "**Company**")

Before addressing the relevant substance of the Motion for Status Conference, it is important to state that the Motion is significantly incorrect and inaccurate in multiple instances, but that pointing all of them out are unimportant to the resolution of the significant issues correctly before this Court, and would be an unnecessary waste of this Court's time to sift through. For example, the Motion for Status Conference says in numerous places that Plaintiffs were never advised that a Probate case had been initiated. For example, in Paragraph 5 that "Despite multiple requests for notice of any probate action, *counsel for Defendants never advised Plaintiffs that such an action had been filed*." And in Paragraph 8 they say that

> Because *counsel did not advise that the probate estate was opened* and had not provided any other information after multiple requests, *Plaintiffs took Mr. Pronske's statements* to mean that he had no information, *he was unaware of whether such action had been filed* and that he had not communicated with Ms. Davis (particularly given that Plaintiffs had been requesting such information).

> ***Neither Ms. Davis nor any of Defendants' counsel ever provided notice that a probate action was filed***.

It is difficult to understand how Plaintiffs could possibly make those (and numerous other) incorrect statements. Quite simply, Jennifer Altman sent an email to Counsel for the Decedent (Gerrit Pronske) on August 9, and again on August 18, 2023, requesting whether a Probate case had been filed, to which Mr. Pronske sent an email on August 21, 2023, at 3:42 p.m. to Ms. Altman in response to her question as to whether a Probate case had been filed, advising her that yes, "a probate has been filed." There can be no doubt that Ms. Altman received Mr. Pronske's 8/21 email saying a probate case had been filed (which probate case is easily searchable public record) since it is attached to her Motion for Status Conference as Exhibit "E." It is also difficult to reconcile Ms. Altman's comments saying that she did not know about that Probate case when ***Ms. Altman attended the hearing in the Probate case to appoint an Executor***. Ms. Altman even participated, telling the Probate Judge that the Probate was filed in the wrong county, to which the Probate Judge told her to move on. For some reason, presumably strategic, Ms. Altman and her law firm have decided not to make a formal appearance in the Probate case, or file any Notice of Appearance in that case, choosing instead to act as if they do not know about it even though they dialed up and participated in the only the hearing in the case on video. Any complaints that the Plaintiffs have with the Probate proceeding, for instance what County it is filed in, should obviously be made formally to the Probate Court, rather than to watch the proceedings there and then to complain about them to this Court. To date, Plaintiffs have filed no pleadings in the Probate case, choosing to bring their complaints about the Probate case here instead.

The situation with John Hoffman (the "**Decedent**") and J. Hoffman & Co. (the "**Company**"), as it is relevant and relate to this lawsuit, are solidly under control and do not need any action from this Court, as shown below.

The day after the death of the Decedent, on July 29, 2023, counsel for the Decedent and the Company (who was only their counsel for 6 days prior to his Decedent's death) called Kristen Anderson, Decedent's daughter, and informed her that it was critical that all documents of the Decedent and the Company be protected and preserved. Several conversations were held regarding preserving and protecting the Decedent's and the Company's documents. Ms. Anderson investigated the status of the documents, and reported back further to Counsel for the Decedent and the Company. When Ms. Anderson told counsel that there would be costs incurred to a storage company to maintain the documents in storage, counsel arranged with representatives of EFO to have a check issued to pay to the storage company, which EFO agreed to do and which they actually did. EFO representatives have had no involvement with respect to those documents other than to make payment available to insure that the documents are stored and protected. After Ms. Anderson investigated the situation regarding documents, she reported to Counsel for the Decedent and the Company that 1) the storage company would continue to store the stored documents, 2) that Decedent's cell phone was preserved and protected, 3) that Decedent's and the Company's computers and hard drives were preserved and protected, 4) that Cloud-based documents were preserved, password-protected and otherwise protected; 5) that all other documents of the Decedent and the Company were preserved and protected; and 6) that no documents of the Decedent and the Company had been destroyed or were in danger of being destroyed.

With respect to substitution of a Party Defendant for the Decedent and the Company, this situation is also under control. A Motion has been filed with the Probate Court, at the Probate Judge's suggestion in open court, that a Temporary Administration be established in the Probate Proceeding. A hearing is set on that Motion for November 13, at 11:215 a.m. A Temporary Administrator has already been engaged and paid a retainer by Decedent's daughter, and is

awaiting the November 13 hearing to be formally appointed. The Temporary Administrator that has been engaged is Seymour Roberts. Mr. Roberts is a seasoned and highly experienced Receiver who has agreed to accept the responsibility for becoming Party Defendant in this case, and assume responsibility to this Court and the Probate Court to preserve and protect all of Decedent's and the Company's documents during the pendency of this case and the Temporary Administration. The Motion requesting the Temporary Administrator specifically requests that the Administrator be authorized by the Probate Court to 1) be substituted in to be the Party Defendant for the Decedent and the Company in the present lawsuit, and 2) to be the party responsible to preserve and protect the Decedent' and the Company's documents.

The requested relief sought in the Motion for Status Conference is 1) unnecessary, because the documents are protected and a mechanism is being established to provide for a Court-Appointed Administrator to become Party Defendant in this case in substitution for the Decedent and the Company; 2) is an attempted end-run around performing routine discovery; and 3) unnecessarily interferes with the performance of the functions of the Probate Court.

Most of Plaintiff's Motion for Status Conference deals with complaints as to Probate issues, such as the county in which the Probate was filed, the need for an Independent Administrator, discussions among counsel, etc. These arguments and issues seem largely beyond this Court's concern, would require significant unnecessary pages of response as to extraneous issues, and therefore will not be responded to. Suffice it to say that issues with the Probate proceeding should be brought to the attention of the Probate Court, and that the issues of concern to this Court – protection of documents relevant to this case and ability to move forward with a Party substituted to the Decedent and the Company - have been adequately and appropriately dealt with.

For these reasons, Defendants request this Court to deny the requests made in the Motion for Status Conference, and that this Court grant Defendants such other and further relief as is just.

Dated: October 10, 2023.        Respectfully submitted,

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske
State Bar No. 16351640
Zachary R.G. Fairlie
*Admitted Pro Hac Vice*
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: gpronske@spencerfane.com
Email: zfairlie@spencerfane.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on October 10, 2023, I caused to be served the foregoing pleading via ECF email upon all parties accepting such service.

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske