Jennifer G. Altman
Shani Rivaux
Pillsbury Winthrop Shaw Pittman, LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
Tel: (786) 913-4900
*Counsel for the Plaintiffs*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| EFO Holdings, L.P., § | Case No. 12-37936-swe-7 | |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| Scott M. Seidel, the chapter 7 Trustee, *et al.*, § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| vs. § | Adversary No. 21-03043-swe | |
| § | | |
| William Esping, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## PLAINTIFFS' MOTION TO BIFURCATE FRAUDULENT TRANSFER CLAIMS AGAINST CERTAIN EFO LASER SPINE INSTITUTE, LTD. TRANSFEREES

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

Plaintiffs[1] submit this *Motion to Bifurcate Fraudulent Transfer Claims Against Certain EFO Laser Spine Institute, Ltd. Transferees* (the "Motion").[2] For the reasons outlined below, the Motion should be granted.

---

[1] Scott M. Seidel, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of EFO Holdings, L.P. (the "Debtor"), the debtor in the above-styled chapter 7 bankruptcy case ("Bankruptcy Case") and Joe Samuel Bailey, Laserscopic Spinal Centers of America, Inc., Laserscopic Spine Centers of America, Inc., and Laserscopic Medical Clinic, LLC (collectively, the "Judgment Creditors" or "Bailey Plaintiffs" and together with the Trustee, the "Plaintiffs").

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plaintiffs' Second Amended Complaint [Adv. Dkt. 312] (the "Second Amended Complaint" or "SAC").

1.  This Motion seeks to bifurcate trial and discovery on 77 defendants who received actual fraudulent transfers from EFO Laser Spine Institute, Ltd. ("EFO LSI") but were not key players in the scheme. Because the key players will litigate the fraudulent transfer intent of EFO LSI (and defenses), and because these defendants' liability is merely as direct transferees, they should not be subjected to the expense of a suit until the main litigation is first tried. Whether the Plaintiffs lose or win, non-mutual issue preclusion will likely apply on the issue of EFO LSI's intent (and defenses).

2.  The Federal Rules of Civil Procedure were enacted to ensure "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.; FED. R. BANKR. P. 1001. Here, Subsection 7 of the Fraudulent Transfer Count of the SAC is directed towards limited partners in "EFO LSI." Some of these recipients are key players in the complained-of actions of EFO Holdings, and some are not. These non-key players are listed on **Exhibit A** (the "EFO LSI Transferees").[3]

3.  Plaintiffs assert fraudulent transfer claims against EFO LSI and its transferees, meaning its limited partners who received distributions. If Plaintiffs establish that EFO LSI transferred assets with the actual intent to hinder, delay, or defraud creditors, then EFO LSI Transferees are liable as direct transferees. The key players will contest EFO LSI's intent at trial and litigate applicable defenses, such as limitations. Thus, it serves judicial economy and the resources of the parties to stay any discovery and trial proceedings as to the EFO LSI Transferees until the main litigation concludes.

---

[3] Some of the limited partners identified on **Exhibit A** have separate claims against them. If this Motion is granted, it would only be the allegations and claims relating to the fraudulent transfer claims that would be bifurcated, not any claims for, by example, breach of fiduciary duty, conspiracy, or veil piercing.

4.       The Court should bifurcate trial and stay discovery rather than expend resources requiring discovery and time in court on the dozens of EFO LSI Transferees. Since the amount that each EFO LSI Transferee received is not disputed, it wastes resources to burden the EFO LSI Transferees, counsel in this case, or this Court with discovery and trial of claims if there is a more efficient option. Similarly, it makes no sense to engage in motion practice at all with parties whose liability is wholly dependent on the intent of EFO LSI. Engaging in costly discovery, motion practice and even a trial as to these parties is impractical and adds nothing but expense and burden to this action. There would be no prejudice to any of the Defendants, including the EFO LSI Transferees, were this Motion granted. The opposite is true.

5.       Bifurcation of the EFO LSI Transferee issues from this case will streamline discovery, motion practice, and the trial. *See Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995) ("The judge can bifurcate . . . a case at whatever point will . . . promote economy and accuracy in adjudication.").[4] Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. In the Fifth Circuit, the decision to bifurcate a trial lies within the "sole discretion of the trial court." *First Texas Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174, n.2 (5th Cir. 1992) (citing *Gonzalez-Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1992)).

6.       Bifurcation helps separate the irrelevant facts from the relevant facts. The relevant fact is not the purchase price of each Transferee's interest. The relevant fact is EFO LSI's intent. The amount and time each respective distribution is undisputed.

---

[4] *See also Rosen v. Reckitt & Colman, Inc.*, No. 91 Civ. 1675 (LMM), 1994 U.S. Dist. LEXIS 16511, at *2, * 16-17 (S.D.N.Y. Nov. 10, 1994) (granting plaintiff's motion for bifurcation even where defendant argued that bifurcation would have a significant impact on trial strategy).

4883-8444-8907

7. While counsel may argue that a subset of the EFO LSI Transferees have other claims against them, this does not militate against granting the motion. Granting the motion still eliminates the discovery, motion practice, and trial time associated with the EFO LSI fraudulent transfer claims, all of which streamlines the entire trial on other issues. While no defendant consents to the proposed stipulation/order permitting bifurcation and staying discovery and trial (attached as **Exhibit B**), Plaintiffs submit their proposal creates minimal inconvenience to any Defendant and substantial savings on the expense of litigation to all parties.

8. Likewise, bifurcation does not create unnecessary conflicts, invoke a public policy dilemma, or create any other negative issues. On the contrary, the law in this area is clear—the EFO LSI Transferees liability is tied to whether EFO LSI had actual intent to hinder, delay, or defraud creditors. Yet, even if any one of them has a nuanced issue that needed to be addressed post-trial, assuming a Plaintiff verdict, it still could be addressed then.[5] However, if Plaintiffs do not prevail, there would be no need for further action, and this Court and the parties would not have expended resources on issues slowing down a fulsome trial on the merits.[6]

---

[5] For instance, an EFO LSI Transferee may assert a defense peculiar to itself, as opposed to limited partners generally. Having that person sit for the entire trial just to argue that defense for a brief period is wasteful and disruptive. The trial will focus on the insiders' actions, not those of the EFO LSI Transferees.

[6] The bifurcation is effectively no different from a stay, which is routinely granted where issues or claims would be resolved on a dispositive motion. *See, e.g., Whalen v. Carter*, 554 F.2d 1087, 1098 (5th Cir. 1992); *Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir. 1991); *Williamson v., United States Department of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987); *Drake v. Nat'l Broadcasting Co., Inc.*, No. 3-04-CV-0652-R, 2004 U.S. Dist. Lexis 25090, at *3-5 (N.D. Tex. 2004) (granting a stay of discovery under federal law pending the outcome of a motion to dismiss and noting that such a stay is particularly appropriate when the disposition of a motion "might preclude the need for discovery altogether, thus saving time and expense"). Here, one way or the other, this Court's adjudication of the fraudulent transfer claims will resolve the fraudulent transfer claims as to the EFO LSI Transferees, applying the logic to the issues before this Court, bifurcation is in the best interests of all parties and this Court.

Dated October 30, 2023

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Hugh M. Ray, III*
    Jennifer G. Altman
    Florida Bar No. 881384
    Shani Rivaux
    Florida Bar No. 42095
    600 Brickell Avenue, Suite 3100
    Miami, FL 33131
    (786) 913-4900
    jennifer.altman@pillsburylaw.com
    shani.rivaux@pillsburylaw.com
    baileycollections@pillsburylaw.com

    -and-

    Hugh M. Ray, III
    Texas Bar No. 24004246
    L. James Dickinson
    Texas Bar No. 24105805
    Two Houston Center
    909 Fannin, Suite 2000
    Houston, TX 77010-1028
    (713) 276-7600
    hugh.ray@pillsburylaw.com
    james.dickinson@pillsburylaw.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF CONFERENCE

This is to certify that counsel conferred via email (and occasional video conference) on October 19th, 20th, and 25th of 2023. The Motion is opposed by all Defendants.

                                            */s/ Jennifer G. Altman*
                                            Jennifer G. Altman

## CERTIFICATE OF SERVICE

This is to certify that on October 30, 2023, a true and correct copy of the foregoing was served via the CM/ECF system on all counsel of record (who are deemed to have consented to electronic service).

                                            */s/ Hugh M. Ray, III*
                                            Hugh M. Ray, III

4883-8444-8907